IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD LEE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 18-cv-620-RJD |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER FOR ATTORNEY'S FEES**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b).  (Doc. 32).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted Plaintiff's application for benefits.  The fee agreement between Plaintiff and his counsel (Doc. 32, Ex. 2) provided for a fee of 25% of Plaintiff's past-due benefits, including past-due benefits owed to eligible beneficiaries.

Plaintiff has been awarded past-due benefits based on Plaintiff's disability record.  In March 2020, the Commissioner ultimately decided that Plaintiff has been disabled since March 2013.  Thus, the amount of past-due benefits is considerable; 25% of the past due amounts equals $16,925.25.  (Doc. 32. Ex. 2).  42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits.  However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*.  In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B).  Here, the Court awarded an EAJA fee in the amount of $7,403.97, which ultimately did not go to Plaintiff's counsel as that amount was taken

in full to satisfy a federal debt owed by Plaintiff. (Doc. 31 & 32). Additionally, the attorney who represented Plaintiff before the agency is anticipating a fee of $6,000.00. Therefore, that amount is subtracted from $16,925.25 to equal $10,925.25, the amount requested by Plaintiff's counsel.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by Plaintiff's counsel, the disability result received by Plaintiff, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $10,925.25 is a reasonable fee here.

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6. The Commissioner has no objection. (Doc. 34).

Wherefore, Plaintiff's Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) **(Doc. 32)** is **GRANTED**. The Court awards Plaintiff's counsel, Barry A. Schultz, a fee of $10,925.25 (ten thousand, nine hundred twenty-five dollars and twenty-five cents), to be paid by the agency from the past-due benefits.

**IT IS SO ORDERED.**

**DATED: April 24, 2020.**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**